IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jules M. Singleton, | ) C/A No. 5:12-917-JMC-KDW |
| Plaintiff, | ) |
| vs. | ) Order |
| Officer D. Lee, and<br>Inmate Tyrone Grailford, | ) |
| Defendants. | ) |

This is a civil action filed by a state prisoner proceeding *in forma pauperis*. The case is before the court for consideration of a Motion to Dismiss or in the Alternative to Quash submitted "by special appearance" on behalf of Defendant Lee by an attorney who was apparently hired to represent the employees of the Alvin S. Glenn Detention Center ("ASGDC") being sued by Plaintiff Jules Singleton in this case and in Civil Action No. 5:12-2226-JMC-KDW, which was created when this case was split into two separate cases by the court's recent ruling on Plaintiff's Motion to Amend/Correct. ECF No. 42. The court takes judicial notice that the same law firm: Davidson and Lindeman, and one of its attorneys, Justin T. Bagwell, appeared on behalf of the Defendants in Civil Action 5:12-2226-JMC-KDW, and signed the Motion currently under consideration in this case. *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970)(a federal court may take judicial notice of the contents of its own records).

In the Motion to Dismiss or in the Alternative to Quash, ECF No. 50, it is alleged that the return of service executed for Defendant Officer D. Lee filed in this case by the United States Marshal on August 3, 2012, ECF No. 38, should be quashed and held invalid because the process for Defendant Lee that was left by the United States Marshals Service with "Lt. Friedley (internal) who accepts [sic] all process at ASGDC" was mistakenly accepted by Lt. Friedley because Officer D. Lee did not work at ASGDC at the time the process was served. *Id.* An affidavit from "Margita Friedley" to the same effect is attached to the Motion. Friedley states that Defendant D. Lee's employment at ASGDC ended on August 19, 2011, and, thus, he was not employed there on July 26, 2012, when the process from this case was delivered to and accepted by Friedley. She states that she "was not authorized to accept service . . . once his employment at the detention center ended." ECF No. 50-2.

Counsel for ASGDC correctly notes that the applicable law requires that service of process may be perfected in limited ways, one of which is service on an agent of the defendant, who is "authorized by appointment or by law" to accept such service on behalf of the principal. Fed. R. Civ. P. 4(e). If Defendant Lee no longer worked at ASGDC at the time the service of process was attempted in this case, then the process-acceptor for his former employer had no authority "by appointment or by law" to accept the process on his behalf. As a result, the service that the United

States Marshals Service submitted to the court was "executed," was, in fact, not good service on Defendant Lee and the return showing execution should be quashed.

Accordingly, the Motion to Dismiss or Alternatively to Quash, ECF No. 50, is considered by the court solely as a Motion to Quash Service and is **GRANTED**. The Marshals' return of service executed for Defendant Lee, ECF No. 38, is hereby stricken and held invalid, and new process must issue with a proper service address for Defendant Lee if Plaintiff intends to continue this lawsuit against him.

It is also noted that the process for the only other Defendant in this case, Tyrone Grailford, allegedly a detainee at ASGDC at the same time as Plaintiff Singleton was detained there on July 16, 2011, was returned by the Marshals Service "un-executed." ECF No. 41. The notations on the Marshals' return show that attempted service on this person at the detention center was refused on July 26, 2012 because "no inmate by that name is housed there." *Id*. The Marshal wrote that he also checked the South Carolina DMV's records and the Department of Corrections' records, but could find no service address for Grailford. New service documents must be provided for this Defendant as well if Plaintiff intends to continue this lawsuit against him.

**TO PLAINTIFF**:

It is Plaintiff's sole responsibility to provide the court with the correct service addresses of the persons or entities named as Defendants. Plaintiff is hereby granted twenty-one (21) days from the date of this order to provide the Clerk of Court with updated service forms with correct addresses for both Defendants should he desire to attempt service upon the Defendants again. Two blank summons forms and two blank USM-285 forms are attached to this order for Plaintiff's use.

Plaintiff's attention is directed to Rule 4(m) of the Federal Rules of Civil Procedure, which provides that unless a particular defendant is served within 120 days after the complaint is filed, this court may have to dismiss an action without prejudice as to that particular defendant. Case law interpreting Rule 4(m) or its predecessor has uniformly held that dismissal is mandatory unless good cause is shown if Defendant is not served within 120 days.

IT IS SO ORDERED.

Kaymani D. West

September 5, 2012
Florence, South Carolina

Kaymani D. West
United States Magistrate Judge