# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Jules M. Singleton, ) | |
| ) | Civil Action. No. 5:12-cv-00917-JMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Officer D. Lee and Inmate Tyrone Grailford ) | |
| ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") [Dkt. No. 74] filed on November 1, 2012, regarding Plaintiff Jules Singleton's ("Plaintiff") claims alleging violations of 42 U.S.C. §1983 that allegedly occurred at the Alvin S. Glenn Detention Center ("ASGDC") where Plaintiff was previously incarcerated. Plaintiff, proceeding *pro se* and *in forma pauperis*, is currently a prisoner at the South Carolina Department of Corrections' ("SCDC") Perry Correctional Institution. The Report sets forth in detail the procedural history, the relevant facts and the legal standards on this matter, which the court incorporates herein without a recitation.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. "The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination." *Wallace v. Hous. Auth.*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citing *Matthews v. Weber*, 423 U.S. 261, 271 (1976)). The court is charged with making a *de novo* determination of

those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions.  *See* 28 U.S.C. § 636(b)(1).

"In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).  Furthermore, failure to timely file specific written objections to the Report results in a party's waiver of his right to appeal the judgment of the District Court based on such a recommendation.  28 U.S.C. § 636(b)(1); *Adams v. South Carolina*, 244 F. App'x 534, 535 (4th Cir. 2007); *Wright v. Collins,* 766 F.2d 841, 845-46 (4th Cir.1985); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

Plaintiff timely filed an objection [Dkt. No. 76] to the Magistrate Judge's Report and Recommendation.  Objections to the Report and Recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review of Plaintiff's objection, the court finds that Plaintiff's objection is generally non-specific and unrelated to the dispositive portions of the Magistrate Judge's Report.  The Magistrate Judge found that Rule 4(m) of the Federal Rules of Civil Procedure required the court

2

to dismiss the action without prejudice because Plaintiff had not served Defendants within 120 days of filing his complaint. Plaintiff attempted to serve Defendants but the complaints were returned as undeliverable. Plaintiff's attempt to serve Defendant Grailford failed because Grailford was no longer incarcerated at ASGDC or any other SCDC facility. Plaintiff's attempt to serve Defendant Officer Lee failed because Lee was no longer employed at ASGDC. The court interprets Plaintiff's objection primarily as a plea for an explanation as to why Officer Lee could file a motion to dismiss but could not be located for the purposes of service of process. The law firm of Davidson and Lindemann filed the motion to dismiss on behalf of Officer Lee, and the attorneys appeared only for the purpose of filing that motion. *See* Motion to Dismiss [Dkt. No. 50]. The motion to dismiss was based on the grounds that Lieutenant Margita Friedley, who as part of her official duties at ASGDC accepts service of legal documents on behalf of officers and staff employed at ASGDC, improperly accepted service for Officer Lee under Rule 4 of the Federal Rules of Civil Procedure because he no longer worked for ASGDC at that time. *Id.* Because Lt. Friedley was not authorized to receive service for a former employee, the summons and complaint was never officially served on Officer Lee. *Id.* As a result, the Magistrate Judge had no choice but to dismiss the complaint for lack of service under Rule 4(m). The Magistrate Judge dismissed the complaint without prejudice, which allows Plaintiff to bring an action when he is able to locate and properly serve Defendants.

Therefore, after a thorough review of the Magistrate Judge's Report and Recommendation and the record in this case, the court **ACCEPTS** the Report and Recommendation [Dkt. No. 74] and incorporates it herein. It is therefore **ORDERED** that Plaintiff's Complaint [Dkt. No. 1] is **DISMISSED** without prejudice. Plaintiff's Motion to Compel [Dkt. No. 78] is also **DENIED** as moot.

**IT IS SO ORDERED.**

United States District Judge

December 12, 2012
Greenville, South Carolina